UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JEROME L. GRIMES                      CIVIL ACTION NO. 16-cv-0620

VERSUS                                    JUDGE HICKS

LEN WILKENS                        MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Jerome L. Grimes ("Plaintiff") who is self-represented, filed this civil action against Len Wilkens. The complaint alleges that Mr. Wilkens illegally towed Plaintiff's minivan and committed other wrongs against Plaintiff. Plaintiff asks for an injunction and an award of $8,000 plus other damages. For the reasons that follow, it is recommended that the complaint be dismissed because this federal court lacks jurisdiction over such claims.

**Jurisdictional Review**

Plaintiff is proceeding in forma pauperis ("IFP"). The court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous. The court also has a duty to examine the basis for subject matter jurisdiction. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915. Humphries v. Various Federal U.S. INS Employees, 164 F.3d 936, 941 (5th Cir. 1999).

**The Complaint**

Plaintiff describes himself as "In Pro Se, Oil Lessor, and, In Pro Se, Attorney." He alleges that defendant Wilkens does business as Presto Oil (automobile oil change) Service in Homer, Louisiana. Wilkens is accused of illegally towing Plaintiff's 1992 Toyota minivan in July 2014. Plaintiff appears to allege that he located the minivan within one day and made arrangements to pay for its return, but he complains the towing "could have resulted in a civil litigation" for illegal search and seizure and taking of effects "situated inside the non-operational vehicle metaphorical rust bucket archive home based business office and residential/ inheritance storage container situated on, inherited private personal conveyed property." Plaintiff estimates that his future inspection of the minivan to detect any theft or plunder from it will take four or five days, which will prevent him from reentering the workforce and result in monetary damages of $8,448.

Plaintiff also complains that Mr. Wilkens illegally searched and vandalized a Dodge Grand Caravan in September 2015. These allegations also make reference to an "inherited lawn mower" and a 26-inch color television, but it is difficult to ascertain what Plaintiff alleges happened to those items or whether Mr. Wilkens had any connection to them.

Plaintiff also complains of an alleged "illegal search for pine timber" on two acres of property. He alleges that Mr. Wilkens illegally seized or stole two acres of timber products in May 2015. The complaint also contains a scattering of virtually indecipherable allegations regarding how Mr. Wilkens should be lie detector tested under the Patriot Act to see if he is a covert terrorist network, references to mineral royalties, and the like. Under the heading

"Relief Requested," Plaintiff asks for an immediate emergency injunction (the scope of which is not clear), $8,000 in punitive damages based on Plaintiff's estimate of the time it will take for him to pursue this litigation, and $448 for towing fees and related expenses.

**Analysis**

### A. Introduction

The only potential grounds on which a federal court might be able to exercise subject-matter jurisdiction over a case of this kind are (1) diversity jurisdiction pursuant to 28 U.S.C. § 1332 and (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff's complaint does not make clear which of those, if either, he relies upon. The court has carefully examined the complaint and determined, for the reasons that follow, that this court does not have subject-matter jurisdiction to hear Plaintiff's complaint.

### B. Diversity Jurisdiction

Section 1332 requires complete diversity of citizenship. That means that the citizenship of each defendant must be diverse from that of each plaintiff. A federal court cannot exercise diversity jurisdiction if any plaintiff shares the same state of citizenship as any defendant. Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992). Plaintiff alleges that both he and Mr. Wilkens reside in Homer, Louisiana. Plaintiff describes himself as a "multi-jurisdiction resident" who also has an address in Florida, but Plaintiff appears to be primarily based in Louisiana, which would make that his state of domicile and citizenship. This information suggests that both parties are citizens of the same state, which destroys the potential for diversity jurisdiction. It also appears that the amount in controversy in this

action does not exceed $75,000, which is a second element of diversity jurisdiction. Plaintiff prays for recovery of specific amounts of damages, and they do not total more than the necessary amount.

### C. Federal Question Jurisdiction

The complaint also lacks a basis for the exercise of federal question jurisdiction under Section 1331. Jurisdiction under the statute is assessed based on the well-pleaded complaint rule. It provides that a federal court has jurisdiction only if a federal question appears on the face of the well-pleaded complaint. Gutierrez v. Flores, 543 F.3d 251-52 (5th Cir. 2008). Even if a claim invokes federal jurisdiction, it may nonetheless be dismissed for want of subject-matter jurisdiction if the claim is not colorable. That is, the court lacks jurisdiction if the complaint invokes federal law but the claim is immaterial and made solely for the purpose of obtaining jurisdiction, or the claim is wholly insubstantial and frivolous. In re: KSRP, Ltd., 809 F.3d 263, 267 (5th Cir. 2015), citing Bell v. Hood, 66 S.Ct. 773 (1946).

Plaintiff's complaint makes references to federal law, such as "U.S.C. 28 conspiracy," the Fourth Amendment, and the Patriot Act, but no colorable non-frivolous claim is asserted under those or any other federal laws. The reference to U.S.C. 28 conspiracy does not even specify a particular statute within the lengthy title that includes hundreds of statutes on various subjects. Plaintiff invokes the Fourth Amendment, which forbids unreasonable searches and seizures by government officials. It does not, however, apply to a search and seizure by a private person such as Mr. Wilkens. U. S. v. Jacobsen, 104 S.Ct. 1652, 1656 (1984). As for the Patriot Act, Plaintiff does not identify any provision of it that would

entitle him to seek a court order that a private person be subjected to polygraph examination or other investigation. Furthermore, a number of courts have held that the Patriot Act does not provide a private right of action for its enforcement. See, e.g., Ray v. First National Bank of Omaha, 413 Fed. Appx. 427, 430 (3d Cir. 2011).

**Conclusion**

Plaintiff has not set forth a factual basis for the court to exercise diversity jurisdiction, and he has not asserted a colorable non-frivolous federal claim that would support the exercise of federal question jurisdiction. It is possible that he has asserted state law claims against his fellow Louisiana citizen, but "generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." Guiterrez, 543 F.3d at 252, quoting Bernhard v. Whitney Nat'l Bank, 523 F.3d 546, 551 (5th Cir. 2008). There may be a proper court or forum for Plaintiff to seek relief on state law claims,[1] but this federal court is not it.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be dismissed without prejudice for lack of subject-matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] Plaintiff's main complaint is that his minivan was towed in July 2014. Louisiana law ordinarily requires that claims for torts such as conversion of property be filed within one year after the aggrieved party has actual or constructive knowledge of the facts that would entitle him to bring suit. La. Civ. Code art. 3492; Jefferson v. Crowell, 956 So. 2d 746, 748 (La. App. 2d Cir. 2007). Plaintiff did not file this suit until May 2016, more than one year after the alleged towing, so the claim is likely untimely.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of May, 2016.

Mark L. Hornsby
U.S. Magistrate Judge